27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie BOYD, Jr., Defendant-Appellant.
 No. 93-5761.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 17, 1994.
Decided: June 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CR-93-6)
 Edwin C. Walker, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 J. Douglas McCullough, United States Attorney, William Arthur Webb, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lonnie Boyd, Jr. appeals from his jury convictions of three drug offenses: possession with intent to distribute cocaine base (21 U.S.C. Sec. 841(a)(1) (1988)); maintaining a dwelling for the purpose of manufacturing and distributing cocaine base (21 U.S.C.Sec. 856 (1988)); and use of a firearm during and in relation to a drug trafficking crime (18 U.S.C.A. Sec. 924(c) (West 1976 & Supp.1994)). He was sentenced to 168 months imprisonment, a four-year supervised release term, and $150 in special assessments. We affirm his convictions and sentences.
 
 
 2
 The only issue Boyd raises on appeal is that the trial court abused its discretion in declining to give a proposed jury instruction
 
 
 3
 that the Defendant is not charged with maintaining a place for the purpose of using cocaine base; therefore, if you find that the Defendant was maintaining a place for the purpose of using cocaine base, you must find him not guilty of the offense charged.
 
 
 4
 The record discloses, however, that the court fully instructed the jury on the elements of the offenses with which Boyd was charged and that to find him guilty, the jury must find those elements were present beyond a reasonable doubt.
 
 
 5
 This Court reviews "an entire charge to determine whether the court adequately instructed the jury on the elements of the offense and the accused's defenses." United States v. Fowler, 932 F.2d 306, 317 (4th Cir.1991). We review the decision not to give a proposed instruction for abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). Since the court's instructions as a whole were proper and essentially covered the defense theory that if the prosecution did not establish beyond a reasonable doubt that Boyd committed the offense charged, they should find him not guilty, we find that the court did not abuse its discretion in declining to give Boyd's instruction. We therefore affirm his convictions and sentences. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED